IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGELIQUE BRICKELL          :          4:09-CV-00241
                            :
        Plaintiff,          :          (Judge McClure)
    v.                      :
                            :
CLINTON COUNTY PRISON       :
BOARD, ET AL.,              :
                            :
                            :
        Defendants.         :

# M E M O R A N D U M

September 10, 2009

## BACKGROUND:

On February 5, 2009, plaintiff Angelique Brickell commenced this civil action by filing a complaint against defendants Clinton County Prison Board; the County of Clinton; Thomas Bossert, the Chairman of the Clinton County Prison Board and a Clinton County Commissioner; Thomas Duran, the Warden of the Clinton County Correctional Facility (hereinafter "CCCF"); Jacqueline Motter, a Deputy Warden of the CCCF; David Harkey, a Deputy Warden of the CCCF; Harold Yost, Jr., a Clinton County Commissioner; Richard Kyle, a Clinton County Commissioner; Michele Sweeley, a Clinton County employee; and Charles Ankney, the Clinton County Sheriff. Also named in the complaint were John Doe I and John Doe II, who were both officers of the Clinton County Sheriff's Department, and

John Doe III, another Clinton County employee. In her complaint, Brickell alleged that defendants violated 42 U.S.C. §1983 by creating a state danger (counts I, II, III, and IV) and by having a policy, custom, and/or practice of failing to protect (counts V, VI, VII, and VIII). (Rec. Doc. No. 1).

On April 6, 2009, this court issued an order granting Brickell's counsel's unopposed motion to withdraw as her counsel. (Rec. Doc. No. 6). On May 1, 2009, Brickell's new counsel filed a notice of appearance with this court. (Rec. Doc. No. 7). Defendants Kyl, Sweeley, Ankney, Clinton County Prison Board, Bossert, Duran, Motter, Harkey, County of Clinton, and Yost filed a Motion to Dismiss, with an accompanying brief in support, on May 4, 2009. (Rec. Doc. No. 9, 10). This court, on May 13, 2009, granted an extension for plaintiff to file a response to defendant's motion to dismiss. (Rec. Doc. No. 13). On May 29, 2009, this court approved a joint stipulation, which required that plaintiff file an amended complaint on or before June 15, 2009. (Rec. Doc. No. 15). Plaintiff filed an amended complaint against all defendants on June 16, 2009, which included two counts: an allegation that the defendants' actions constituted a deprivation of civil rights under §1983 (count I) and an allegation that the risks posed to plaintiff constituted a state-created danger violative of §1983 (count II). (Rec. Doc. No. 16). The effect of the filing of the amended complaint was to render as moot the

defendants' motion to dismiss.  (Rec. Doc. No. 15).

On June 25, 2009, defendants filed a new Motion to Dismiss and brief in support thereof.  (Rec. Doc. Nos. 17 and 18).  In response, on July 10, 2009, plaintiff filed a brief in opposition to the defendants' Motion to Dismiss.  (Rec. Doc. No. 19).  On July 23, 2009, defendants filed a reply brief.  (Rec. Doc. No. 24).

The matter is now ripe for disposition.

Now, for the following reasons, we will grant in part and deny in part defendants' Motion to Dismiss.

**DISCUSSION:**

### I.  Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).   In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must

do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. <u>Hellmann</u>, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. <u>Twombly</u>, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." <u>Iqbal</u>, 129 S.Ct. at 1950, <u>citing</u> Fed. R. Civ. P. 8(a). The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." <u>Id.</u> at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." <u>Id.</u> at 327.

## II. Allegations in the Complaint

Taking as true all of the allegations in the complaint, the facts are as follows. At the time of the allegations in the complaint, plaintiff Brickell was incarcerated in the CCCF. Defendant Clinton County was the owner of the CCCF, and defendant

Clinton County Prison Board was comprised of defendants Bossert, Yost, Kyle, and Ankney. The Clinton County Prison Board was empowered by statute to supervise the operation of the CCCF, and defendants Ankney and John Doe I and John Doe II were authorized to move inmates to medical appointments or court hearings from the CCCF.

While incarcerated at the CCCF, Brickell was assigned to work in the facility's kitchen. To keep food that had been cooked warm, the CCCF used "upright warmers"; on February 10, 2007, it was Brickell's duty to move a container of "hot ham grease and green beans" from the stove to the "upright warmers." As Brickell was placing the grease and green beans on the top shelf of the warmers, the container of grease and beans slid back toward her. The "hot ham grease, broth and green beans" spilled over Brickell's ear, neck, shoulder, and chest. Brickell was later taken by John Doe I and John Doe II to the Lock Haven Hospital Emergency Room.

While at the emergency room, a physician informed Brickell to care for her burns by covering them with bandages and Silvadene cream. Brickell also alleges that the physician recommended that John Doe I and John Doe II should transport her back to the hospital the following day for additional treatment. Brickell was not taken to the hospital the following day, and it is her allegation that she received no

further "medical treatment, first aid supplies, bandages, or clean linens" while at the CCCF.

Brickell claims that, as a result of the February 10, 2007 incident, she obtained "first, second and third degree burns," disfigurement, and scarring.

## III. Analysis

Defendants Clinton County, Clinton County Prison Board, Bossert, Duran, Motter, Harkey, Yost, Kyle, Sweeley, and Ankney move to dismiss plaintiff Brickell's amended complaint. Defendants present four arguments as to why the amended complaint should be dismissed. First, defendants argue that Brickell's claims against defendant Ankney should be dismissed, as she has sought to hold defendant Ankney liable under a theory of respondeat superior. (Rec. Doc. No. 18, at 3-5). Second, defendants argue that Brickell's claims against defendants Clinton County, Clinton County Prison Board, Bossert, Duran, Motter, Harkey, Yost, Kyle, and Sweeley based upon supervisory or municipal liability should be dismissed, as such claims fail to state a claim upon which relief can be granted. (Id. at 5-12). Third, defendants argue that, because Brickell has failed to allege that the defendants engaged in behavior that shocks the conscience, her claim founded on a state-created danger theory should be dismissed. (Id. at 12-13). Fourth, defendants argue that the individual defendants are entitled to qualified immunity and, thus,

Brickell's claims as to these defendants should be dismissed as well.  (Id. at 13-15).

## A.  Plaintiff's Claims against Defendant Ankney

Defendants argue that Brickell has attempted to hold defendant Ankney liable based upon his supervisory relationship with Deputy Sheriffs John Doe I and John Doe II, as well as based upon his role as a member of the Prison Board.  (Rec. Doc. No. 18, at 4).  Defendant argues that both of these claims should be dismissed, as Brickell has neither pled facts sufficient to support a failure to supervise claim nor alleged that Ankney is a member of the Prison Board.

According to traditional Third Circuit precedent, supervisory personnel are only liable under §1983 if they participated in or had knowledge of violations, if they directed others to commit violations, or if they had knowledge of and acquiesced in subordinates' violations.  Baker v. Monroe Twp., 50 F.3d 1186, 1191 (3d Cir. 1995).  However, with its decision in Ashcroft v. Iqbal, the Supreme Court may have cast doubt on the viability of this standard for holding government officials liable based on a theory of supervisor liability under §1983.  In Iqbal, the Supreme Court noted that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  129 S.Ct. 1937, 1948.  The Court also emphasized that "[i]n a §1983 suit or a Bivens

8

action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. at 1949.

Various courts of appeals, including the Third Circuit, have recognized the potential effect that Iqbal might have in altering the standard for supervisor liability in a Bivens or a §1983 suit. See, e.g., Bayer v. Monroe County Children and Youth Servs., 2009 U.S. App. LEXIS 18181, *8 (3d Cir. 2009) (noting that, in light of Iqbal, "it is uncertain whether proof of . . . personal knowledge [concerning a Fourteenth Amendment violation of procedural due process], with nothing more, would provide a sufficient basis for holding [the defendant] liable with respect to plaintiffs' Fourteenth Amendment claims under §1983."); Maldonado v. Fontanes, 568 F.3d 263, 274-75 n. 7 (1st Cir. 2009) (noting that "recent language from the Supreme Court may call into question our prior circuit law on the standard for holding a public official liable for damages under §1983 on a theory of supervisory liability.").

Regardless of the standard used, however, Brickell's claim against Ankney based upon supervisory liability should be dismissed. As Brickell has admitted, she has not made any allegation that Ankney knew of her need for further treatment or

the hospital's recommendation that she be transported to the hospital for further treatment.  (Rec. Doc. No. 23, at 4).  Recent Supreme Court precedent has made clear that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 127 S.Ct. at 1974).  Brickell has failed to plead facts that Ankney participated in or had knowledge of violations of Brickell's rights, that Ankney directed John Doe I or John Doe II to commit violations, or that Ankney had knowledge of and acquiesced in his subordinates' violations.  As Brickell has failed to plead such facts, or facts pertaining to Ankney's own conduct, her claims against Ankney for failure to supervise will be dismissed.

However, defendants' claim that Brickell's complaint does not allege that Ankney is a member of the Prison Board must fall short.  In fact, in Paragraph 19 of the amended complaint, plaintiff clearly references Ankney as being a member of the Prison Board.  (Rec. Doc. No. 16, at 4).  Brickell's amended complaint, therefore, can be read as alleging that Ankney, as Sheriff, also serves in the capacity as a member of the Prison Board.  Consequently, Brickell's claims against Ankney as a member of the Prison Board should not be dismissed because of a failure to allege such membership.

Therefore, while we will dismiss Brickell's failure to supervise claims against

Ankney, we will deny defendants' motion to dismiss in regards to Ankney as a member of the Prison Board.

### B.  Plaintiff's §1983 Claims Based on Supervisory/Municipal Liability

In count I of her complaint, Brickell seeks to hold defendants Clinton County, Clinton County Prison Board, Bossert, Duran, Motter, Harkey, Yost, Kyle, and Sweeley liable under §1983 based upon a deprivation of her civil rights.  More specifically, Brickell alleges that, because of a failure to adopt particular policies and because of custom, defendants violated her civil rights by failing "to provide necessary medical attention and to transport her to an appropriate facility for treatment . . . ."  (Rec. Doc. No. 16, at 7).  Defendants argue that Brickell has simply regurgitated the standard for stating a claim of deprivation of civil rights under §1983 in violation of Iqbal.  (See Rec. Doc. No. 18, at 7-8)  Even if she has not violated Iqbal, defendants argue that she still has failed to state a violation of her civil rights, as defendants at most have been only negligent and were not deliberately indifferent to her rights.

Municipality liability will attach under §1983 only when a plaintiff can show that "execution of a government's policy or custom . . . inflicts the injury."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 695 (1978).  As the Supreme Court has noted, a failure to train claim "may serve as the basis for §1983 liability only where the

11

failure to train amounts to deliberate indifference to" individuals' constitutional rights.  City of Canton v. Harris, 489 U.S. 378, 388 (1989).  A prisoner has a right to receive medical care from the government while incarcerated.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Defendants claim that Brickell's claim under Monell must fail, as she has only made conclusory statements regarding the defendants' policies and procedures.  In addition, defendants claim that Brickell has made "no specific factual allegations about what the 'policy' stated or should have stated, or how it caused the violation of their rights."  (Rec. Doc. No. 18, at 7).  However, Brickell has in fact claimed that the Prison Board failed to adopt, and defendants Duran Motter, and Harkey failed to implement, policies regarding treatment of severe burns and general medical treatment; therefore, it should not be the plaintiff's fault that, at this stage of the proceedings, she has not made a specific allegation about the policy, especially if the policy did not even exist.  Brickell also has pointed out that an adequate prison policy should properly deal with burns and other serious medical conditions, and that the failure to put such a policy in place was a violation of her constitutional rights.  (See Rec. Doc. No. 16, at ¶¶ 33-34).  In light of these allegations, we cannot consider Brickell's amended complaint as containing "bare, conclusory statements that the policies and training were inadequate."  (Rec. Doc.

18, at 7).

Defendants also draw this court's attention to various analogous cases from other jurisdictions to support their contention that Brickell has failed to state a claim that her constitutional rights were violated. In Stephens v. Peidmont Reg'l Jail, 2008 U.S. Dist. LEXIS 38527 (E.D. Va. 2008), the burned inmate-plaintiff was taken to the jail's medical unit where a nurse applied cream to the burned area, wrapped the area, and gave the inmate pain medication. The inmate was given pills for the pain and changed his bandages daily. Id. at *11. The court dismissed the claim for failure to state a claim. Id. In Sutterley v. Morris, 2006 U.S. Dist. LEXIS 6720 (S.D. Tex., 2006), the plaintiff-inmate alleged that his right to medical care was violated even though "he received antibiotics, pain medication, and wound care from medical providers" and categorized the actions by the doctor as "malpractice." The court dismissed the inmate's cause of action against the doctor for failure to state a claim. Id. at *10.

Unlike the above cases referenced by defendants, Brickell does not simply allege that the care she has received constituted "malpractice" or a mere disagreement about proper treatment. Instead, Brickell alleges a total absence of a policy concerning medical treatment for severe burns or general medical care when prison facilities are inadequate. In addition, Brickell alleges in her complaint a

13

near-total absence of medical care for what she claims to be are first, second, and third degree burns. Unlike the above cases cited by defendants, plaintiff alleges that she received minimal care at the emergency room, was not returned to the hospital the following day per the emergency room doctor's recommendation, and was not provided any additional medical care for approximately twenty-one days. Brickell, therefore, has sufficiently claimed that defendants Clinton County, Clinton County Prison Board, Bossert, Duran, Motter, Harkey, Yost, and Kyle acted with deliberate indifference to her constitutional rights to medical care.

However, Brickell has failed to properly state a claim in count I for supervisor liability under §1983 against defendant Sweeley. While Brickell states that Sweeley was in charge of the kitchen and was responsible for supervising inmates working in the kitchen, Brickell pleads no facts relating to how Sweeley's conduct was deficient at the time in question. Brickell also fails to allege that Sweeley had any role in making or implementing policy or custom at the prison in regards to medical care or burn care for inmates. While Brickell notes that she was transported to the emergency room "[a]fter a significant delay," she makes no factual allegations that Sweeley was at all responsible for such delay. (Rec. Doc. No. 16, at 4). In fact, Brickell makes no allegations whatsoever particular to Sweeley in count I of the amended complaint. As such, Brickell's count I claim

against defendant Sweeley will be dismissed.

With these allegations, Brickell has properly stated a claim under §1983 based upon supervisory/municipality liability against defendants Clinton County, Clinton County Prison Board, Bossert, Duran, Motter, Harkey, Yost, and Kyle; therefore, the motion to dismiss count I of Brickell's complaint will be denied as to these defendants and granted as to defendant Sweeley.

### C.  Plaintiff's §1983 Claims Based on State-Created Danger Theory

In count II of her complaint, Brickell seeks to hold defendants liable under §1983 based upon the theory of state-created danger.  To make out a state-created danger claim under §1983, Brickell must meet a four-part test.  Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. Pa. 2006).  First, "'the harm ultimately caused [must have been] foreseeable and fairly direct.'"  Id. (quoting Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996)).  Second, there must have been "a state actor [who] acted with a degree of culpability that shocks the conscience."  Id. (citing Schieber v. City of Philadelphia, 320 F.3d 409, 416 (2003)).  Third, there must have been a relationship between the plaintiff and the state such that "'the plaintiff was a foreseeable victim of the defendant's acts'" or that she was a "'member of a discrete class of persons subjected to the potential harm brought about by the states' actions.'"  Id. (quoting Morse v. Lower Merion

Sch. Dist., 132 F.3d 902, 906, 913 (3d Cir. 1997).  Last, a state actor must have "affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all."  Id. (citing Rivas v. City of Passaic, 365 F.3d 181, 195 (3d Cir. 2004).

With count II of her complaint, Brickell appears to allege that the danger created by the state in these circumstances was an unjustified increase in the risk that Brickell would be injured while working in the CCCF kitchen.  (See Rec. Doc. No. 16, at 8).  The defendants argue that their behavior, while possibly reaching the level of negligence, in no way could be described as shocking the conscience.

In her claim based on state-created danger, Brickell has failed to adequately allege conduct by the defendants that shocks the conscience.  Instead, Brickell's allegations under count II really allege that defendants, including the Prison Board, the County of Clinton, Duran, Motter, and Harkey, were negligent in their training of defendants Sweeley and John Doe III.  In addition, Brickell has failed to allege any set of facts that point to Sweeley or John Doe III engaging in behavior that would shock the conscience in regards to setting up procedures and policies to protect inmates working in the CCCF kitchen.  In fact, in her complaint, Brickell has even used language evidencing a recognition that defendants were simply negligent.  See Rec. Doc. No. 16, at 8 (arguing that defendants Sweeley and/or John

Doe II "knew or should have known that Plaintiff would physically be unable to place the hot kettle on the top shelf of the warmer in a safe fashion."). As the Supreme Court has noted, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986).

Therefore, we will dismiss Brickell's count II claims against defendants the Prison Board, the County of Clinton, Bossert, Yost, Kyle, Duran, Motter, Harkey, and Sweeley.

## D. Defendants' Entitlement to Qualified Immunity

Saucier v. Katz has mandated a two-step analysis concerning qualified immunity. First, a court must decide whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001) Second, a court must decide whether that right was clearly established. Id. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202.

Earlier this year, the Supreme Court held that Saucier's "rigid order of battle" is not a mandatory requirement. Pearson v. Callahan, 129 S.Ct. 808 (2009).

Lower courts can use their discretion to decide which of the two prongs to consider first.  Id. at 818.

Defendants claim that they are entitled to qualified immunity, as they did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To support their argument, defendants claim "that constitutional rights to a safe job, specialized medical training," and "training on height restrictions" were not clearly established during the time that Brickell was in the CCCF.  (Rec. Doc. No. 18, at 14-15).  Brickell claims that the defendants have violated a constitutional right that was clearly established: namely, the right for a prisoner to receive medical care from the government while incarcerated.  See Estelle, 429 U.S. at 104.

The defendants are correct to note that Brickell did not, while incarcerated, have a clearly established constitutional right to a "safe job," "specialized medical training," or "training on height restrictions."  (Rec. Doc. No. 18, at 14-15).  In light of this fact, defendants would be entitled to qualified immunity on count II of Brickell's complaint.  However, while Brickell has alleged claims that the defendants' policies and procedures were deficient concerning the safety of prison jobs, medical training, and height restriction training, she has also alleged that she did not receive necessary medical care in violation of her constitutional rights.  This

allegation goes directly to a constitutional right that was clearly established at the time Brickell was incarcerated: her right as a prisoner to receive medical care.  See Estelle, 429 U.S. at 104.

Therefore, while defendants would be entitled to qualified immunity as to count II of Brickell's complaint if count II were not dismissed, defendants are not entitled to qualified immunity on Brickell's count I claims.  Defendants' motion to dismiss count I of Brickell's complaint based upon qualified immunity is therefore denied.

**CONCLUSION:**

We will deny defendants' Motion to Dismiss in part and grant it in part.  We will deny defendants' Motion to Dismiss regarding count I of plaintiff's amended complaint as to defendants Clinton County, Clinton County Prison Board, Bossert, Duran, Motter, Harkey, Yost, and Kyle.  We will grant defendants' Motion to Dismiss as to count II of plaintiff's amended complaint.  Also, plaintiff's failure to supervise claim against defendant Ankney will be dismissed, as will plaintiff's count I claim against defendant Sweeley.

　　s/ James F. McClure, Jr.　　　　
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGELIQUE BRICKELL          :          4:09-CV-00241
                            :
          Plaintiff,        :          (Judge McClure)
     v.                     :
                            :
CLINTON COUNTY PRISON       :
BOARD, ET AL.,              :
                            :
                            :
          Defendants.       :

**ORDER**

September 10, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED**

**THAT:**

      1.  Defendants' Motion to Dismiss is GRANTED in part and DENIED

in part.  (Rec. Doc. No. 17).

      2.  Count II is DISMISSED.  (Rec. Doc. No. 16).

      3.  The Motion to Dismiss as to count I is DENIED as to Defendants

Clinton County, Clinton County Prison Board, Bossert, Duran, Motter, Harkey,

Yost, and Kyle.  (Rec. Doc. No. 17).

      4.  The Motion to Dismiss regarding count I is GRANTED as to

Defendant Sweeley.  (Rec. Doc. No. 17).

5.  Plaintiff's failure to supervise claim against Defendant Ankney is DISMISSED.

6.  Defendants shall file an answer to count I of the Amended Complaint on or before September 30, 2009.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge